UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACEY AND JEFFREY SGAMBATO, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, JEFFREY LEONARD SGAMBATO | CIVIL ACTION<br><br>NO. 16-15585<br><br>SECTION "N" (4) |
| VERSUS | |
| ORECK CORPORATION INTERNATIONAL, ABC AUTHORIZED ORECK SALES AND SERVICE REPRESENTATIVE, DEF INSURANCE COMPANY, AND XYZ INSURANCE COMPANY | |

## ORDER AND REASONS

Presently before the Court is the "Motion to Remand" (Rec. Doc. 9), filed by the plaintiffs, Tracey and Jeffrey Sgambato, appearing both individually and on behalf of their minor child, Jeffrey Leonard Sgambato (collectively "Plaintiffs"). Defendant, Oreck, LLC ("Oreck"), opposes the Motion and has filed a memorandum in opposition (Rec. Doc. 10), to which the Plaintiffs have replied. (Rec. Doc. 15). Now, having considered the submissions of the parties, applicable law, and record of this case, the Court grants the Motion, finding that Oreck has failed to show misjoinder of a non-diverse defendant.

### I. BACKGROUND

This action stems from an injury alleged to have been sustained by the Plaintiffs' twenty-two-month-old son, when his hand became caught in the brush roll of a vacuum cleaner manufactured by Oreck. The Plaintiffs filed suit in state court seeking relief from the defendants under state law only. Specifically, the Petition includes claims (1) against Oreck under the Louisiana Products Liability Act; (2) against Oreck and the seller of the vacuum cleaner, ABC Authorized Oreck Sales and Service Representative ("ABC Seller"), for breach of warranty against

1

redhibitory defects; and (3) against insurers, DEF Insurance Company and XYZ Insurance Company, under Louisiana's Direct Action Statute.

Oreck thereafter removed the action to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Rec. Doc. 1, Notice of Removal). Specifically, Oreck argues that ABC Authorized Sales and Service Representative, whose citizenship would otherwise destroy complete diversity, has been improperly joined, such that its status as a non-diverse defendant should not deprive this Court of jurisdiction. (*See id.* at p. 3-4). This is so, contends Oreck, because "[t]here is no possibility that Plaintiffs will be able to establish liability against ABC Authorized Sales and Service Representative for redhibition based on the allegations in the Petition and the warnings provided to Plaintiffs." (*Id.* at p. 4). The warnings referenced by Oreck are found in the vacuum cleaner's manual, which contains various instructions "to reduce the risk of fire, electric shock or injury," including, "Do not allow [the vacuum cleaner] to be used as a toy. Close attention is necessary when used near children." (*See* Rec. Doc. 1-2, Petition for Damages, at ¶ 17).

In response to removal, Plaintiffs have filed the instant motion to remand. (Rec. Doc. 9). Plaintiffs present two arguments in support of their motion:

> First, this Court lacks jurisdiction over Plaintiffs' Petition because there is no complete diversity of citizenship as Plaintiffs have properly stated a claim against Defendant Seller under Louisiana redhibition law. Second, Defendant Oreck's notice of removal was inappropriately based on a summary judgment-type review that is not warranted in the context of removal and on summary judgment-type evidence that should not be considered in the instant proceedings.

(Rec. Doc. 9-1 at p.2).

## II. LAW AND ANALYSIS

Pursuant to 28 U.S.C. §1441(a), a civil action that was brought in a state court of which the United States district courts have original jurisdiction may be removed by the defendant(s) to the United States district court for the district and division embracing the location where such action is pending. *See* 28 U.S.C. §1441(a). In order for a court to have original jurisdiction under 28 U.S.C. §1332, complete diversity must exist between the plaintiff(s) and all properly joined defendants, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §1332. Moreover, to remove a case on the basis of diversity jurisdiction, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. §1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Consequently, "when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332." *Pitman v. Crane Co.*, No. 13-83, 2013 WL 1403326 *1 (E.D. La. Apr. 5, 2013). Removal is available, however, if the removing defendant shows that the nondiverse party was joined improperly. *See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Although the Court must remand a removed action to state court if, at any time before final judgment, it appears that subject matter jurisdiction is lacking, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.1996).

For a defendant claiming improper joinder, "the burden of persuasion . . . is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003). To prevail, the defendant must prove either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 646-647. Only the second way is at issue here; and, it requires the court to inquire "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. This inquiry may be resolved by one of two methods: First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. If the plaintiff is able to withstand a Rule 12(b)(6)-type challenge, typically then the non-diverse defendant has not been improperly joined. *Id*. Second, in cases where the plaintiff has stated a claim "but has misstated or omitted discrete facts that would determine the propriety of joinder. . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. This latter approach being extraordinary, it is to be employed by the district courts cautiously, and confined to the sole purpose of "identify[ing] the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-574.

Here, Oreck has not alleged the misstatement or omission of material facts by Plaintiffs. Therefore, the Court's inquiry is confined to a Rule 12(b)(6)-type analysis – the focus of which is on whether the Petition in this case sets forth a claim of redhibition under the state law of Louisiana against ABC Seller. To withstand a standard Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To meet the standard of facial plausibility, factual allegations must be sufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and

4

Procedure § 1216, pp. 235–236 (3d ed. 2004)). Ultimately, detailed factual allegations are not necessary, but a plaintiff is obligated to provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The source for the cause of action of redhibition is found in Louisiana Civil Code article 2520, which provides in pertinent part:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect.

La. Civ. Code art. 2520. To establish a redhibition claim, the plaintiff must show that:

> (1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it;
>
> (2) the thing contained a non-apparent defect at the time of the sale; and
>
> (3) the seller was given an opportunity to repair the defect.

*Johnson v. CHL Enterprises*, 115 F. Supp. 2d 723, 728 (W.D. La. 2000) (citing *Watkins v. Freeway Motors*, 691 So.2d 854, 857 (La.App. 2d Cir.1997) and *Vincent v. Hyundai Corp.*, 633 So.2d 240, 243 (La.App. 1st Cir.1993)).

In this case, a review of the Petition reveals sufficient factual content, as to each of redhibition's three elements, to state a claim to relief that is plausible on its face. First, Plaintiffs, who were expecting their second child at the time of purchase, have pled that "[t]he risk of friction burn injuries imposed by the vacuum cleaner makes its use so inconvenient that Plaintiffs would not have purchased it had they known the risk." (Rec. Doc. 1-2 at ¶¶ 14, 45). Although Oreck essentially argues that this allegation is *per se* unreasonable in light of the safety warnings found in the manual, it cites no direct authority

5

for such a rule, the application of which this Court believes would, at the very least, be premature at this early stage in the proceedings.[1] Second, with regard to whether there was a non-apparent defect at the time of the sale, Plaintiffs have satisfied this element by alleging that they were unaware of the vacuum cleaner's potential to cause friction burns and inadequately warned thereof. (*See id.* at ¶ 45). Finally, the Plaintiffs have adequately pled the third element of their redhibition claim, positing that ABC Seller was not entitled to an opportunity to repair because it should have known of the defect, citing knowledge (presumably by the industry) of "the risk of the type of injury suffered by Jeffrey Leonard . . . as far back as 1998" and a 2002 case report regarding the potential for significant injury to young children posed by vacuum cleaners. (*Id.* at ¶¶ 32-33). Thus, the allegations in the Petition establish a plausible claim against ABC Seller, and Oreck has fallen well short of carrying the heavy burden of persuading the Court otherwise.

### III. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the "Motion to Remand" (Rec. Doc. 9) is hereby **GRANTED**, and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' incorporated request for an award of attorneys' fees and costs is **DENIED** on the showing made.

New Orleans, Louisiana, this 13th day of April 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] The adequacy of warning issue may be grounds for summary judgment, however such substantive relief, even if warranted, cannot be granted absent subject matter jurisdiction.